# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **KAREN RENEE LEWIS,** | ) | |
| | ) | |
| **Movant,** | ) | |
| | ) | |
| vs. | ) | Case No. 09-3416-CV-S-GAF-P |
| | ) | Crim. No. 07-03063-01-CR-S-GAF |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

Presently before the Court is Movant Karen Rene Lewis's ("Lewis") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. #1). Lewis argues she received ineffective assistance of counsel in three (3) different respects during the negotiation and execution of her guilty plea. (Doc. ##1, 6). Respondent United States of America (the "Government") opposes. (Doc. #10). For the reasons set forth below, Movant's Motion is **DENIED**

## DISCUSSION

I. **FACTS**

The Government has accurately set forth the facts of this case as follows:

### I. Summary

In her *pro se* motion Lewis raises four grounds for relief. (D.E. Civ. 1.) Although Lewis lists four separate points in her motion, the associated "Supplemental Memorandum" filed by Lewis on December 10, 2009 (D.E. Civ. 6), provides facts to support only three grounds for relief. A thorough review of Lewis' § 2255 motion and supplemental memorandum reveals that Lewis raises essentially a single argument of ineffective assistance of counsel. Lewis claims that her defense counsel, Assistant Federal Public Defender Ann M. Koszuth, was ineffective for:

1. failing to ensure that Lewis' credit for time served was properly applied by the Bureau of Prisons;

2. advising Lewis to enter into a plea agreement in which Lewis agreed to forfeit money seized from her as proceeds from drug activity; and

3. failing to object to the representation in the Presentence Investigation Report (PSR) that Lewis had a pending forced robbery charge in the State of Oklahoma.

(Lewis Memo. 1-2.)

\* \* \*

## II. Procedural History

On June 21, 2007, the federal grand jury in Springfield, Missouri, returned a three-count indictment against Lewis. (D.E. Crim. 17.) Specifically, Lewis was charged with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Two); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In addition, the indictment contained two forfeiture allegations.

On May 28, 2008, Lewis pled guilty to Count One of the indictment and Forfeiture Allegation One. (D.E. Crim. 50.) In the plea agreement, Lewis signed her name directly below the following statement:

> I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the indictment. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

(D.E. Crim. 50 at 12.) In the plea agreement, Lewis also expressly waived her right to appeal her sentence, "directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." (D.E. Crim. 50, § 16).

On may 28, 2008, United States Magistrate Judge James C. England recommended that the plea be accepted. (D.E. Crim. 49.) On June 13, 2008, United States District

2

Court Judge Gary A. Fenner accepted Lewis' plea of guilty. (D.E. Crim. 56.) On November 18, 2009, the Government filed a motion for an order granting Lewis credit for acceptance of responsibility under U.S.S.G. § 3E1.1(b). (D.E. Crim. 62.) At the November 18, 2008, sentencing hearing Lewis did not object to the PRS. (Sent. Tr. 2.) Lewis was sentenced to 168 months of imprisonment, the low end of her Sentencing Guideline range, and five years of supervised release. At sentencing the court also ordered the final forfeiture of property belonging to Lewis per Forfeiture Allegation One. (D.E. Crim. 64.) Lewis did not appeal her sentence or conviction.

## II.  LEGAL STANDARDS

*Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the applicable general standards for reviewing allegations of ineffective assistance of counsel. Under *Strickland*, a movant must demonstrate that her "counsel's performance was so deficient as to fall below an objective standard of reasonable competence, and that the deficient performance prejudiced [her] defense." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (quotations and citations omitted). This analysis contains both a performance prong and a prejudice prong:

> Under the performance prong, the court must apply an objective standard and "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance," *Strickland*, 466 U.S. at 690, while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decision. *Id.* at 689. Assuming the performance was deficient, the prejudice prong "requires proof 'that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.'"

*Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992) (quoting *Strickland*, 466 U.S. at 694). Failure to satisfy either prong is fatal to the claim. *Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 2000).

3

## III. ANALYSIS

### A. Waiver

Lewis waived her right to collaterally attack her sentence of conviction. In pertinent part, her plea agreement read:

> The defendant acknowledges, understands, and agrees that by pleading guilty pursuant to this plea agreement she waives her right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement. The defendant expressly waives her right to appeal her sentence, directly or collaterally, on any ground except a sentence imposed in excess of the statutory maximum or an illegal sentence, that is, sentencing error more serious than a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal her sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

(Plea Agreement, ¶ 16). Such a waiver is valid and enforceable. *See United States v. Andis*, 333 F.3d 886, 887 n. 3 (8th Cir. 2003) (citing *DeRoo v. United States*, 223 F.3d 919, 923 (8th Cir. 2000)) ("As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral attack rights in the plea agreement context."). Such waiver promotes the "chief virtues of the plea system speed, economy, and finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977).

Nothing in this case suggests Lewis's waiver is invalid or otherwise should not be enforce. Lewis was advised of the contents of the plea agreement prior to entering into it, and it was entered into voluntarily. Therefore, Lewis has waived her right to collaterally attack her sentence.

### B. Lewis Received Effective Assistance of Counsel

Lewis waived her right to attack her sentence. However, even assuming *arguendo* that no waiver occurred, Lewis's claims would nevertheless fail. The record demonstrates Lewis received

effective assistance of counsel and was well informed of the contents and repercussions of entering into the plea agreement. During the change of plea hearing, the following dialogue occurred between Lewis and the Court:

> The Court: You have signed a plea bargain agreement. Have you read that and gone over it with Ms. Koszuth?
>
> Lewis: Yes.
>
> The Court: Do you understand what is in it?
>
> Lewis: Yes.
>
> * * *
>
> The Court: Ms. Lewis, you're represented in this case by Ms. Koszuth. Have you had enough chance to talk with her about your case?
>
> Lewis: Yes.
>
> The Court: Are you satisfied with the advice that she has given you ?
>
> Lewis: Yes.

(Plea Transcript, pp. 4, 8). This exchange is evidence Lewis was satisfied with Ms. Koszuth's representation. *See Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985) ("[T]he defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings.") (citation and quotations omitted). However, even absent this exchange with the Court, each of Lewis's claims of ineffective assistance are without merit, as addressed below.

5

### i. Credit for Time Served

Lewis claims her counsel was ineffective because counsel informed her that she would receive credit for time served before sentencing but she currently has not received such credit. Lewis has been advised by her counsel, Ms. Koszuth, via a letter dated September 30, 2009, that Lewis was, in fact, entitled to credit for time served in custody on the case and detailed the steps Lewis would need to take to obtain such credit. (D.E. Civ. 6 at 3). Indeed, 18 U.S.C. § 3585 provides, in part, that "a defendant shall be given credit toward the service of a term of imprisonment for any time [she] has spent in official detention prior to the date the sentence commences." Therefore, counsel's advice was sound and did not fall below an objective standard of reasonable competence. Thus, this claim for ineffective assistance is without merit. *See Nave*, 62 F.3d at 1035. As counsel instructed Lewis in the September 30, 2009, letter, to ensure she receives the proper credit, Lewis must use available administrative procedures.

### ii. Forfeited Money

Lewis's second claim for ineffective assistance of counsel arises from the confiscation of money Lewis claims she won at a casino. Lewis states:

> I told my lawyer and the police when I was arrested that the money I had I had won at a casino just 5 days before I was arrested. [Ms. Koszuth] told me that in order for me to take the plea agreement of 14 yrs I also had to forefit [sic] my money and agree that it was drug money.

In an affidavit, Ms. Koszuth states she had extensive conversations with Lewis relating to the plea agreement and the forfeiture of money. (Aff'd of Koszuth, ¶ 2). Regarding the forfeiture issue, Ms. Koszuth states, "Lewis told me that the money she had with her at the time of her arrest represented gambling winnings, but had originated from drug proceeds." *Id.* Given the evidence before the Court, Ms. Koszuth's advice that the gambling winnings were proceeds of illegally obtained money

6

that is subject to forfeiture was sound and does not fall below an objective standard of reasonable competence. Additionally, Lewis has failed to demonstrate such advice prejudiced her defense or the determination of her sentence. For these reasons, the second claim for ineffective assistance of counsel is without merit.

### iii. Failure to Object to Error in Lewis's Presentence Investigation Report

Lewis's final claim is grounded upon her belief that Ms. Koszuth should have objected to the inclusion of a reference to a "pending forced robbery" charge in Delaware County, Oklahoma, found in Lewis's PSR after Lewis advised her that the charge did not exist. The record does indicate that no objection was ever made to the forced robbery charge in the PSR. However, Lewis has failed to demonstrate the failure to object to this information prejudiced her defense in any way. The evidence indicates no such prejudice occurred. No points were added to Lewis's criminal history score due to the forced robbery charge, and it did not otherwise impact her sentence. No claim for ineffective assistance of counsel exists where counsel fails to address a meritless issue having no bearing on the outcome of the case. *See United States v. Johnson*, 707 F.2d 317, 320 (8th Cir. 1983).

Therefore, Lewis's third and final claim for ineffective assistance of counsel is without merit.

### C. Evidentiary Hearing

Where the motion, files, and record in a case conclusively demonstrate a movant is not entitled to relief, a district court need not hold an evidentiary hearing. *United States v. Regenos*, 405 F.3d.691, 694 (8th Cir. 2005). As demonstrated above, Lewis has failed to prove any of her ineffective assistance of counsel claims have merit. Nothing in the case file, record, or Lewis's

7

Motion supports the position that she is entitled to the relief sought. Therefore, an evidentiary hearing is DENIED.

**D.      Certificate of Appealability**

Under 28 U.S.C. § 2253(c), a district court should issue a Certificate of Appealability ("COA") only if a movant has "made a substantial showing of the denial of a constitutional right." If a district court rejects a movant's constitutional claims on the merits, "the showing required to satisfy § 2255(c) is straightforward: The [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, as discussed above, the Court finds no merit to Lewis's constitutional claims. There is insufficient evidence for a reasonable jurist to reach a contrary conclusion. Thus, a COA is unnecessary and shall not issue in this case.

## CONCLUSION

Lewis has failed to demonstrate a meritorious claim for ineffective assistance of counsel. For this reason and those set forth above, Lewis's Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                    s/ Gary A. Fenner
                                                    Gary A. Fenner, Judge
                                                    United States District Court

DATED:   April 13, 2010